IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL F. JACKSON,
      Petitioner,

vs.                                Case No.: 5:17cv66/MCR/EMT

JULIE L. JONES,
      Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on a petition for writ of habeas corpus filed by

Petitioner under 28 U.S.C. § 2254 (ECF No. 1). On January 9, 2018, Respondent filed

a motion to dismiss for lack of jurisdiction, on the ground that the petition is

impermissibly successive (ECF No. 21). Petitioner filed a reply on January 26, 2018,

in which he concedes that this court lacks jurisdiction to consider his habeas petition,

but he requests that the court transfer the petition to the Eleventh Circuit Court of

Appeals, instead of dismissing it (ECF No. 24).

The case was referred to the undersigned for the issuance of all preliminary

orders and any recommendations to the district court regarding dispositive matters.

*See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ.

P. 72(b). After careful consideration of all issues raised by the parties, it is the

opinion of the undersigned that no evidentiary hearing is required for the disposition

of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of

the undersigned that the record before the court shows that the petition is subject to

dismissal as an unauthorized "second or successive" habeas corpus application.

I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court in and for Jackson County, Florida,

Case No. 2009-CF-000744, with one count of sale or delivery of cocaine (*see* ECF

No. 21, Ex. A at 12).  Petitioner pleaded guilty to the charge and was sentenced, on

September 1, 2010, to twelve (12) years in prison, with pre-sentence jail credit of 307

days (*see* Exs. B, C).  As Petitioner acknowledges in his § 2254 petition, he sought

federal habeas corpus relief from the judgment in Jackson County Circuit Court Case

No. 2009-CF-000744 in this district court in 2014 (*see* ECF No. 1 at 12; ECF No. 21,

Exs. D, E, F).  *See* Jackson v. Sec'y, Fla. Dep't of Corr., Case No.

5:14cv357/MW/CJK, Petition (N.D. Fla. Dec. 31, 2014).  The district court, adopting

the report and recommendation of the magistrate judge, denied the petition on the

merits (ECF No. 21, Exs. F, G).  *See id.*, Report and Recommendation (N.D. Fla. Nov.

1, 2016), Order (N.D. Fla. Nov. 23, 2016).  Petitioner filed the instant federal habeas

action on February 24, 2017, challenging the same state court judgment (ECF No. 1).

II.    ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute.  *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244; *see also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). A district court lacks jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals.  28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); Fugate v. Dep't of Corr., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Here, review of the magistrate judge's report and recommendation in Petitioner's first habeas action, which the district judge adopted, demonstrates that Petitioner's 2014 petition qualified as a first petition for the purpose of determining successor status, because it was denied on the merits.[1]  Therefore, the instant petition

---

[1] Some types of collateral challenges do not render subsequent habeas petitions "second or successive."  *See* Panetti v. Quarterman, 551 U.S. 930, 945, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986) was not successive, because the claim was not ripe until the petitioner's execution

qualifies as "second or successive" for purposes of § 2244(b)(3). Petitioner has not

shown that he obtained permission from the Eleventh Circuit to file a second or

successive petition. His failure to do so operates as a jurisdictional bar that precludes

this district court's consideration of the merits of the petition. *See* 28 U.S.C.

§ 2244(b)(3)(A); Burton, 549 U.S. at 152, 157; Fugate, 310 F.3d at 1288.

III.    TRANSFER VERSUS DISMISSAL

Title 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of
> this title or an appeal, including a petition for review of administrative
> action, is noticed for or filed with such a court and that court finds that
> there is a want of jurisdiction, the court shall, if it is in the interest of
> justice, transfer such action or appeal to any other such court in which
> the action or appeal could have been brought at the time it was filed or

---

was scheduled); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . .  Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive."); McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Case No.: 5:17cv66/MCR/EMT

noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

While some circuits have permitted—even directed—district courts to transfer unauthorized habeas petitions to the circuit courts pursuant to 28 U.S.C. § 1631, the Eleventh Circuit apparently has not decided whether § 1631 is applicable in the context of successive habeas petitions.  *See* <u>Guenther v. Holt</u>, 173 F.3d 1328, 1330 (11th Cir. 1999) (acknowledging the out-of-circuit caselaw, noting that other circuits had failed to analyze § 1631 or to explain why § 1631 was applicable in the case of successive habeas petitions, yet finding it unnecessary to resolve the issue given the facts before it).  Here, Petitioner has failed to show that interests of justice render transfer either proper or necessary (for example, that dismissal instead of transfer would effectively bar Petitioner from relief in the proper court).  Therefore, the court should dismiss, rather than transfer, the § 2254 petition.

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections

permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (ECF No. 21) be **GRANTED**.

2.      That Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED for lack**

**of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5<u>th</u> day of February 2018.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**